**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**DAVID GARCIA,**

    **Petitioner,**

**v.**                                    **Case No. 8:08-cv-2333-T-30TBM**

**SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,**

    **Respondents.**
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* (hereinafter referred to as "Petitioner"), brings this petition pursuant to 28 U.S.C. § 2254 (Dkt. 1). Respondent filed a response (Dkt. 6), and Petitioner filed a reply (Dkt. 9). Upon review, the Court determines that the petition must be denied because it fails to meet the requirements of 28 U.S.C. § 2254(d) and (e).

## BACKGROUND

On June 1, 2004, Petitioner was charged with one count of conspiracy to traffic in amphetamine, four counts of trafficking in amphetamine, and one count of trafficking in amphetamine. (Dkt. 6, Ex. 17). Petitioner was sentenced to consecutive mandatory minimum terms of fifteen years for conspiracy and seven years for each of the five trafficking counts.

Petitioner, through his appellate counsel, filed a direct appeal of his convictions and sentences. (Dkt. 6, Ex. 5). Petitioner's appellate counsel raised the following sentencing issue:

> THE TRIAL COURT ERRED BY IMPOSING MANDATORY MINIMUM TERMS FOR TRAFFICKING TO BE SERVED CONSECUTIVELY TO THE MANDATORY MINIMUM TERM FOR CONSPIRING TO TRAFFIC WHERE THE OFFENSES AROSE FROM THE SAME EPISODES AND INVOLVED THE SAME CONTRABAND.

Id. The State filed an answer brief (Dkt. 6, Ex. 6), and on October 25, 2006, the Second District Court of Appeal affirmed Petitioner's convictions and sentence, without written opinion (Dkt. 6, Ex. 7). The mandate was issued on December 29, 2006. (Dkt. 6, Ex. 8).

On June 8, 2007, Petitioner filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure raising six allegations of ineffective assistance of trial counsel. (Dkt. 6, Ex. 9). On August 7, 2007, the postconviction court rendered a written order denying grounds one through five and denying in part and dismissing in part ground six. (Dkt. 6, Ex. 10).[1] Petitioner appealed the order and on July 9, 2008, the Second District Court of Appeal affirmed the trial court's denial of postconviction relief, without written opinion. (Dkt. 6, Ex. 15). The mandate was issued on July 31, 2008. (Dkt. 6, Ex. 16).

On November 19, 2008, Petitioner filed the instant petition. (Dkt. 1). Petitioner raises six grounds for relief, verbatim:

---

[1] On October 16, 2007, the court ultimately denied ground six as being speculative and conclusory. (Dkt. 6, Ex. 12).

Ground I

THE TRIAL COURT ERRED BY IMPOSING MANDATORY MINIMUM TERMS FOR TRAFFICKING TO BE SERVED CONSECUTIVELY TO THE MANDATORY MINIMUM TERM FOR CONSPIRING TO TRAFFIC WHERE THE OFFENSES AROSE FROM THE SAME EPISODES AND INVOLVED THE SAME CONTRABAND.

Ground II

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MAKE A PROPER MOTION FOR JUDGMENT OF ACQUITTAL AND ARGUMENTS IN SUPPORT THEREOF.

Ground III

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ASK FOR JUDGMENT OF ACQUITTAL ON COUNTS TWO THROUGH SIX, WHERE PROOF OF ALL ELEMENTS OF THE CRIME CHARGED WERE NEVER PROVEN AT TRIAL.

Ground IV

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MOTION TO DISMISS DUE TO VAGUENESS AND INAPPROPRIATENESS AS TO COUNT ONE.

Ground V

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE PROSECUTOR'S MISSTATEMENTS DURING CLOSING ARGUMENTS, WHICH WERE IMPROPER AND PREJUDICIAL TO DEFENDANT.

Ground VI

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO TRANSCRIBE DEPOSITIONS OF THE STATE'S WITNESSES, THUS REMOVING THE ABILITY TO PROPERLY IMPEACH SAID WITNESSES.

In response, Respondent argues that Petitioner fails to meet the threshold requirements for relief under § 2254 (d) and (e). (Dkt. 6). Having carefully reviewed the record, applicable statutes, and controlling case law, and being duly apprised of the arguments presented by the parties, for reasons set forth herein, the Court agrees that Petitioner is not entitled to habeas relief.

## **STANDARD OF REVIEW**

**I.     AEDPA**

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. See Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Price v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. See Wright v. Sec. of Dep't of Corrs., 278 F.3d 1245, 1255 (11th Cir. 2002). Additionally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## II. Ineffective Assistance of Counsel Claims

Petitioner raises allegations of ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). In order to show a violation of the Sixth Amendment right to counsel, Petitioner must satisfy the two-pronged inquiry of Strickland v. Washington, 466 U.S. 668, 687 (1984); see Bell v. Cone, 535 U.S. 685, 698 (2002) (courts should apply Strickland to claims that counsel failed to satisfy constitutional requirements at specific points). First, Petitioner must demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, Petitioner must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." Id., 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., 466 U.S. at 694.

Petitioner must prove both prongs of Strickland. Therefore, if Petitioner fails to establish either deficient performance or prejudice, the court need not address the other prong. Id., 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,….that course should be followed.");Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

## **DISCUSSION**

Since Petitioner's convictions were entered after AEDPA was enacted, the instant petition is subject to the provisions thereof. Moreover, because a state court initially considered the claims raised by Petitioner, § 2254(d) governs the review of his claims. See Mobley v. Head, 267 F.3d 1312, 1316 (11th Cir. 2001).

**I.     Ground I**

In Ground I, Petitioner argues that the trial court erred by imposing mandatory minimum terms for trafficking to be served consecutively to the mandatory minimum term for conspiring to traffic where the offenses arose from the same episodes and involved the same contraband. This claim does not involve a federal constitutional issue.

Federal courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims which are not based upon a violation of the United States Constitution are not cognizable in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254(a). Barclay v. Florida, 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983); Wainwright v. Goode, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); Engle v. Isaac, 456 U.S. 107, 119, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Errors which do not infringe upon federally protected rights provide no basis for federal habeas corpus relief. It is well-settled in this circuit that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988); Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." Branan, 861 F.2d at 1508.

Ground I relates to the state's application of its own sentencing laws, an issue of purely state law. Accordingly, Ground I is denied.

## II.    Ground II

In Ground II, Petitioner argues that trial counsel was ineffective for failing to make a proper motion for judgment of acquittal and arguments in support thereof. Petitioner raised this claim in his 3.850 Motion. The state court denied relief on this claim stating:

> In support of claim 1, that his trial counsel was ineffective for failing to make the "proper" argument during his motion for judgment of acquittal of count 1, Defendant argues, "with the exception of Special Agent Del Castillo[,] and though the State

inferred that there were conversations between the Defendant and the other people involved in the trafficking events, no actual evidence was produced at trial in support of these conversations." Motion at 15. Accordingly, the State failed to establish the charge of conspiracy.

"The Purpose of a motion for judgment of acquittal is to challenge the legal sufficiency of the evidence to support every element of the charged offense. Anderson v. State, 504 So. 2d 1270, 1271 (Fla. 1st DCA 1986). When a defendant moves for judgment of acquittal, he admits all facts adduced in evidence and every conclusion favorable to the adverse party that a jury might reasonably and fairly infer from the evidence. Id. at 1271; Mitchell v. State, 493 So. 2d 1058, 1060 (Fla. 1st DCA 1986)." Steele v. State. 561 So. 2d 638. 643 (Fla. 1st DCA 1990).

Defendant's argument fails to recognize the extent of Special Agent Del Castillo's testimony, which, when viewed in light of the above legal standard, clearly and easily presented a prima facie case for conspiracy. See T.T. at 60-78, a copy of which is attached.

In addition, trial counsel did argue for a judgment of acquittal on the conspiracy count based upon a lack of evidence and, as such, the issue was sufficiently preserved for appellate review. See id. at 122-23, a copy of which is attached. Lastly, Defendant raised this very issue in two postconviction motions filed pursuant to Rule 3.800(b), Fla. R. Crim. P., thus further solidifying the issue for appellate review. See attachments. Accordingly, the issue should and must be brought on direct appeal and is procedurally barred in its present form. Based upon all of the above, **claim 1 is DENIED.**

Federal courts must dismiss claims that have been explicitly ruled procedurally barred by the highest state court considering the claims. Harris v. Reed, 489 U.S. 255 (1989). See also Rodwell v. Singletary, 113 F. Supp. 2d 1308 (M.D. Fla. 2000) (finding that federal habeas courts cannot reach the merits of procedurally defaulted claims). The procedural bar can only be avoided upon showing either cause or prejudice, or by establishing that a fundamental miscarriage of justice resulted in conviction of an innocent defendant. See Wainwright v. Sykes, 433 U.S. 72, 97 (1977); Murray v. Carrier, 477 U.S. 478, 496 (1986).

As set forth herein, the state court dismissed Ground II as procedurally barred. Additionally, Petitioner has not demonstrated any reason which would avoid the procedural bar. Accordingly, this claim is procedurally barred. However, even if Ground II had been properly raised, it would have been denied because Petitioner cannot show that trial counsel's performance was deficient or that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

### III. Ground III

In Ground III, Petitioner argues that his trial counsel was ineffective for failing to ask for judgment of acquittal on counts two through six. Petitioner raised this claim in his 3.850 Motion. The state court denied relief on this claim stating:

> In claim 2 of his Motion Defendant argues that counsel was ineffective for failing to move for an acquittal of counts 2-6 based upon the State's failure to present sufficient evidence to prove the first element of trafficking; i.e., that Defendant ever possessed, sold, or bought methamphetamine. Specifically, Defendant argues: "Although the evidence shows that the Defendant was present during some of the transactions, at no time did any witness observe the methamphetamine in his possession. Nor at any time, did witnesses' observe David Garcia make an exchange (sale) of drugs for money." Motion at 18.
>
> Defendant's argument is misplaced. First, Defendant's argument again fails to recognize the extent of Special Agent Del Castillo's testimony, the exhibits and evidence introduced during same, and the legal inferences that are drawn from that testimony, evidence and exhibits in a motion for judgment of acquittal. See T.T. at 22-80, a copy of which is attached. See also Stelle v. State, supra.
>
> Second, Defendant's argument also fails to recognize that he need not be in actual possession, or have actually handled the methamphetamine, to be charged with trafficking. See standard criminal jury instruction 25-11 and the T.T. at 151-155 and 160-163 - which included the instruction on Principal. Based upon all of the above, the Court finds that any motion for judgment of acquittal of counts 2-6 based upon the State's failure to present a prima facie case for the charges would have been without

legal or factual support. Accordingly, since counsel cannot be ineffective for failing to raise meritless arguments, claims, or motions, see Teffeteller v. Dugger, 734 So. 2d 1009 (Fla. 1999), **claim 2 is DENIED**.

To receive habeas relief, Petitioner must prove that the state court unreasonably applied federal law, or made an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden. The state court reasonably applied Strickland and found that trial counsel could not be ineffective for failing to raise an argument that lacked merit. Accordingly, Ground III must be denied.

## IV. Ground IV

In Ground IV, Petitioner argues that his trial counsel was ineffective for failing to file a motion to dismiss the Information due to vagueness and inappropriateness as to Count One (conspiracy). Petitioner raised this claim in his 3.850 Motion. The state court denied relief on this claim stating:

> In response to claim 4, that Defendant's trial counsel was ineffective for failing to file a motion to dismiss the Information based upon vagueness, the Court finds the claim is without merit. Simply put, Count 1 of the Information met the basic pleading of Rule 3.140, Fla. R. Crim. P. Accordingly, there would have been no basis upon which to object to the Information based upon vagueness and, therefore, pursuant to Teffeteller, supra, **claim 4 is DENIED**.

To receive habeas relief, Petitioner must prove that the state court unreasonably applied federal law, or made an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden. The state court reasonably applied Strickland and found that trial counsel could not be ineffective for failing to raise an argument that lacked merit. Petitioner also has not demonstrated that, but for trial

counsel's failure to file a motion to dismiss the Information based upon vagueness, the proceeding's outcome would have been different. Finally, to the extent that this issue turns on the sufficiency of the charging document, Petitioner fails to raise a federal constitutional question. Accordingly, Ground IV must be denied.

## V.     Ground V

In Ground V, Petitioner argues that trial counsel was ineffective for failing to object to the prosecutor's misstatements during closing arguments which were improper and prejudicial to him. Petitioner raised this claim in his 3.850 Motion. The state court denied relief on this claim stating:

> In claim 5 of his Motion Defendant asserts that his trial counsel was ineffective for failing to object to improper comments and arguments by the State during its closing arguments. First, Defendant fails to set forth exactly what comments by the prosecutor he believes were prejudicial or inappropriate and, therefore, the claim is facially insufficient. However, after reviewing the State's closing arguments, a copy of which is attached as T.T. at 138-48, the Court finds nothing improper or inappropriate. See Miller v. State, 926 So. 2d 1243, 1254-1255 (Fla. 2006) ("[A]n attorney is allowed to argue reasonable inferences from the evidence and to argue credibility of witnesses or any other relevant issue so long as the argument is based on the evidence."); and Brown v. State, 787 So. 2d 229, 230 (Fla. 2d DCA 2001), citing Caraballo v. State, 762 So. 2d 542, 547 (Fla. 5th DCA 2000) ("[F]undamental error occurs in closing when the 'prejudicial conduct in its collective import is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury'.") Accordingly, **claim 5 is DENIED**.

To receive habeas relief, Petitioner must prove that the state court unreasonably applied federal law, or made an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden. The state court

reasonably applied Strickland and found that Petitioner failed to satisfy the prejudice prong of the Strickland test.

Pursuant to state law, counsel is permitted wide latitude in arguing to a jury. E.g., Breedlove v. State, 413 So. 2d 1 (Fla. 1982). To the extent the state trial court resolved Petitioner's underlying state law arguments, the state law determination is not subject to federal habeas review. Moreover, it can be reasonably concluded that none of the comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. See Donnelly v. DeChristoforo, 416 U.S. 637, 642, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); Cargill v. Turpin, 120 F.3d 1366, 1379 (11th Cir. 1997) (if reviewing court is confident that, absent improper prosecutorial remarks, jury's decision would have been no different, proceeding cannot be said to have been fundamentally unfair, and habeas relief is not warranted). It is not enough that a prosecutor's comments were undesirable or even universally condemned. See Cobb v. Wainwright, 609 F.2d 754 (5th Cir. 1980), *cert. denied,* 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 857 (1980). A petitioner must show the comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. Darden v. Wainwright, 477 U.S. 178, 181 (1986) (citing Donnelly, 416 U.S. at 643). The Petitioner, in this case, cannot meet that burden. Accordingly, Ground V must be denied.

## VI.   Ground VI

In Ground VI, Petitioner argues that his trial counsel was ineffective for failing to transcribe depositions of the State's witnesses, thus removing the ability to properly impeach

said witnesses at the trial. Specifically, Petitioner contends that counsel's performance was deficient for failing to have the depositions transcribed and that, if the depositions had been transcribed, the outcome of the trial would have been different. Petitioner raised this claim in his 3.850 Motion. The state court denied relief on this claim stating that "Defendant's argument is speculation built upon assumptions, is wholly conclusory in nature and, as such, fails to sufficiently allege that either prong of Strickland has been met."

Petitioner has not demonstrated that the state court unreasonably applied federal law, or made an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). The state court reasonably applied Strickland and found that Petitioner could not meet either prong of the Strickland test. Accordingly, Ground VI must be denied.

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).
2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 1, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-2333.2254order.frm